

NUMBER 13-06-00488-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FERNANDO GARCIA,**        **Appellant,**

**v.**

**THE STATE OF TEXAS,**        **Appellee.**

---

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Vela
### Memorandum Opinion by Justice Rodriguez

Appellant, Fernando Garcia, pleaded guilty to intoxication manslaughter, *see* TEX.

PENAL CODE ANN. § 49.08 (Vernon Supp. 2007), and was sentenced to eight years'

imprisonment. By two issues, Garcia contends that the trial court (1) violated his rights to

due process and fundamental fairness by engaging in plea negotiations, and (2) violated the Texas Constitution by "issuing a proposed assessment of punishment before determination of guilt." We affirm.

## I. BACKGROUND

Garcia and Tomas Martinez were involved in a traffic accident that resulted in Martinez's death. Witnesses testified that Garcia lost control of his truck, struck a barrier, flipped over the median, and landed on top of Martinez's vehicle. Garcia was injured in the accident and taken to a hospital where blood was drawn. A blood test revealed that Garcia had a blood alcohol content of 0.200.

When the case was called for trial, defense counsel announced that Garcia would be pleading guilty without a plea agreement. After admonishing Garcia, the trial court accepted Garcia's guilty plea. The following exhibits were offered by the State: (1) Garcia's waiver of rights; (2) Garcia's hospital records; (3) several police reports; and (4) several photographs of the accident scene. Garcia offered a signed, handwritten document that stated:

> I Fernando Garcia am entering my guilty plea in CR-3350-03-B in Criminal Auxilary [sic] Court "A" based on my attorney Joe Conners, III representation that the Court will sentence to the Texas prison between 5 and 8 years and will not make an affirmative finding of a deadly weapon. Signed June 14, 2007 at 2:10 pm.

The trial court admitted the document as defense exhibit one and stated that it was "an accurate representation of what the Court discussed with the parties."

The trial court proceeded to the sentencing phase. The State presented State's exhibit four, a certified copy of Garcia's previous conviction of driving while intoxicated, and testimony from five of Martinez's family members who described the impact Martinez's

2

death had on the family. The defense presented testimony from seven members of Garcia's family who described Garcia's character and the impact the accident had on Garcia and his family. After each side rested, the trial court set a sentencing date and stated,

> I don't know what the Court is going to do. I don't mind telling everybody here, the Court has not decided yet on what its going to do. I advised the attorneys of what the Court thinks it might do but I wanted to hear today's testimony. I wanted to hear from you fine people, from both sides and not just one side . . . . I'll think about what I feel and what the proper sentence might be.

At the sentencing hearing, the trial court heard from the State and the defense before imposing its sentence. The State's recommendation was that Garcia be sentenced to prison for a term of fifteen years based on Garcia's prior criminal history, the fact that Martinez was only twenty years old when he died, and the family's testimony. Defense counsel asked the trial court to sentence Garcia to a term of two to five years because Garcia "has accepted responsibility for the death." The trial court sentenced Garcia to eight years' imprisonment.

## II. ENGAGING IN PLEA NEGOTIATIONS

By his first issue, Garcia complains that the trial court denied him his rights to due process and to a fair trial because it allegedly participated in the plea-bargaining process. Specifically, Garcia claims that although "the record is clear that there was no plea bargain . . . there *is* evidence that the trial court engaged in or at least participated in some way in the plea negotiations." (Emphasis in original.) In support of his argument, Garcia points to the comment made by the trial court that defense exhibit one was an "accurate representation of what the Court discussed with the parties." Garcia asserts that "by

3

participating in this 'discussion,' the trial judge . . . participated or at the very least, *involved* himself in plea negotiations." (Emphasis in original.)

In *Perkins v. Court of Appeals*, the court of criminal appeals explored the plea negotiation process in a mandamus action and defined the term "plea bargaining." 738 S.W.2d 276, 282 (Tex. Crim. App. 1987). The court stated:

> "[P]lea bargaining" is usually defined as follows: "Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of a recommendation from the prosecutor to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has," i.e., it is the process where a defendant who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge. Put another way, "plea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence."

*Id.* (citations omitted). In *Ex parte Shuflin*, the court of criminal appeals concluded that a trial court should not participate in plea negotiations until an agreement has been reached. 528 S.W.2d 610, 615-17 (Tex. Crim. App. 1975). Participation is to be avoided in order to prevent the appearance of judicial coercion or prejudgment of the defendant, since such influence might affect the voluntariness of the defendant's plea. *Perkins*, 738 S.W.2d at 282.

In this case, defense exhibit one sets out that defense counsel represented to Garcia that the trial court would sentence him to between five and eight years in prison. The record also reveals that when the trial court admitted Garcia's exhibit, it stated that it was "an accurate representation of what the Court discussed with the parties." The trial

4

court then explained it had only advised the attorneys of what it thought it might do regarding Garcia's sentence. The trial court also stated, "I don't mind telling everybody here, the Court has not decided yet on what it's going to do. . . . I'll think about what I feel and what the proper sentence might be. And I will assess punishment on the day I gave you which is Monday the 21st, I believe."

Based on our review of the record, including the trial court's statements regarding Garcia's guilty plea and his sentencing, we cannot conclude that the trial court engaged in plea negotiations. *See Perkins*, 738 S.W.2d at 282. Without a record of the discussion the trial court had with the parties, we would have to assume that during that discussion the trial court or the State engaged in plea negotiations with Garcia by making an offer of leniency in exchange for a guilty plea. *See id.* We decline to do so and overrule Garcia's first issue.

### III. ISSUING A PROPOSED SENTENCE

In his second issue, Garcia asserts that by issuing a proposed sentence, his rights under the Texas Constitution were violated. Garcia appears to base this alleged constitutional violation on the assertion that when the trial court allegedly "discussed the idea of a plea, there was at least the implicit admission of guilt during this discussion." Relying on *State v. McDonald*, 662 S.W.2d 5, 7, 9 (Tex. Crim. App. 1984), Garcia also contends that the discussion between the parties and the trial judge, a discussion that he compares to the viewing of a pre-sentence investigation, is tantamount to a pre-sentence determination of guilt and should not be condoned. *See id.* (providing that the trial court's "practice of issuing proposed assessments of punishment is violative of Art. 1, Sec. 19 of the Texas Constitution" and "[t]he [trial court's] inspection of the pre-sentence reports prior

5

to determinations of guilt is . . . violative of due process").  Garcia further suggests that, during the discussion, "[t]here may have been admissions or confessions that may not normally have been admissible in front of a jury."  However, as we have concluded above, the trial court did not participate in plea negotiations and, as previously noted, we are without a record of the discussion.  Therefore, we cannot conclude that Garcia's rights under the Texas Constitution were violated.  We overrule Garcia's second issue.

IV. CONCLUSION

We affirm.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 7th day of August, 2008.